IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

1999 OCT -1  A 10: 24

|  |  |
|---|---|
| IN RE:  EMPLOYMENT DISCRIMINATION LITIGATION AGAINST THE STATE OF ALABAMA, et al.: | ) ) ) ) |
| EUGENE CRUM, JR., et al., | ) ) 2:07CV563-mht |
|     Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO.: ) CV-94-T-356-N |
| STATE OF ALABAMA, et al., | ) ) |
|     Defendants. | ) ) ) 2:07CV449-mht |
| CARRIE WARREN and LEE M. TAYLOR, | ) ) |
|     Plaintiff-Intervenors, | ) ) |
| v. | ) ) |
| STATE OF ALABAMA, GOVERNOR FOB JAMES, STATE OF ALABAMA PERSONNEL DEPARTMENT, STATE OF ALABAMA DEPARTMENT OF PUBLIC HEALTH, and its Commissioner/Director, | ) ) ) ) ) ) |
|     Defendants. | ) ) |

SHEILA RUSSELL,                                         )
                                                       )
    Plaintiff-Intervenor,                          )
                                                       )
v.                                                     )
                                                       )
STATE OF ALABAMA, GOVERNOR FOB                          )
JAMES, STATE OF ALABAMA PERSONNEL                       )
DEPARTMENT, STATE OF ALABAMA                            )
DEPARTMENT OF MENTAL HEALTH and                         )
MENTAL RETARDATION, and its Commissioner,               )
VIRGINIA ROGERS,                                       )
                                                       )
    Defendants.                                    )
                                                       )

ROBERT TAYLOR and LANEETA ROBERTS,                      )
                                                       )
    Plaintiff-Intervenors,                         )
                                                       )
v.                                                     )
STATE OF ALABAMA, GOVERNOR FOB                          )
JAMES, STATE OF ALABAMA PERSONNEL                       )
DEPARTMENT, STATE OF ALABAMA                            )
DEPARTMENT OF PUBLIC SERVICE                            )
COMMISSION, and its President JIM SULLIVAN,             )
                                                       )
    Defendants.                                    )
                                                       )

VELMA EASTERLING,                                      )
                                                       )
    Plaintiff-Intervenor,                          )
                                                       )
v.                                                     )
STATE OF ALABAMA, GOVERNOR FOB                          )
JAMES, STATE OF ALABAMA PERSONNEL                       )
DEPARTMENT, STATE OF ALABAMA                            )
DEPARTMENT OF ALABAMA CRIME VICTIMS                     )
& COMPENSATION COMMISSION, and its                      )
Executive Director, ANITA DRUMMOND,                     )
                                                       )
    Defendants.                                    )

SYLVIA ADAMS,                                     )
                                                 )
    Plaintiff-Intervenor,              )
                                                 )
v.                                               )
STATE OF ALABAMA, GOVERNOR FOB                   )
JAMES, STATE OF ALABAMA PERSONNEL                )
DEPARTMENT, STATE OF ALABAMA                     )
DEPARTMENT OF FINANCE, PHILLIP W.                )
WILLIAMS, Director of Finance,                   )
                                                 )
    Defendants.                        )
                                                 )

FRANKLIN MCMILLION and                           )
KITTY WILLIAMS-ARCHIE,                           )
                                                 )
    Plaintiff-Intervenors,             )
                                                 )
v.                                               )
STATE OF ALABAMA, GOVERNOR FOB                   )
JAMES, STATE OF ALABAMA PERSONNEL                )
DEPARTMENT, STATE OF ALABAMA                     )
DEPARTMENT OF REVENUE, and H. GENE               )
MONROE, Commissioner of Revenue,                 )
                                                 )
    Defendants.                        )
                                                 )

ROY HIGHTOWER,                                   )
                                                 )
    Plaintiff-Intervenor,              )
                                                 )
v.                                               )
                                                 )
STATE OF ALABAMA, GOVERNOR FOB                   )
JAMES, STATE OF ALABAMA PERSONNEL                )
DEPARTMENT, STATE OF ALABAMA                     )
DEPARTMENT OF CORRECTIONS, and its               )
COMMISSIONER, Joe S. Hopper,                     )
                                                 )
    Defendants.                        )

GAIL HOWARD,                                                )
                                                           )
    Plaintiff-Intervenor,                              )
                                                           )
                                                           )
v.                                                         )
STATE OF ALABAMA, GOVERNOR FOB                             )
JAMES, STATE OF ALABAMA PERSONNEL                          )
DEPARTMENT, STATE OF ALABAMA                               )
DEPARTMENT OF FORENSIC SCIENCE, and its                    )
Director CARLOS RABREN,                                    )
                                                           )
    Defendants.                                        )
                                                           )

CHARLES WILSON, WILSON MORGAN,                             )
LAURA JOHNSON-PRICE, DIANE GREEN and                       )
DOROTHY CARSON,                                            )
                                                           )
    Plaintiff-Intervenors,                             )
                                                           )
v.                                                         )
STATE OF ALABAMA, GOVERNOR FOB                             )
JAMES, STATE OF ALABAMA PERSONNEL                          )
DEPARTMENT, STATE OF ALABAMA                               )
DEPARTMENT OF HUMAN RESOURCES,                             )
and its Commissioner TONY PETELOS,                         )
                                                           )
    Defendants.                                        )
                                                           )

CHARLES CHINAKWE,                                          )
                                                           )
    Plaintiff-Intervenor,                              )
                                                           )
v.                                                         )
STATE OF ALABAMA, GOVERNOR FOB                             )
JAMES, STATE OF ALABAMA PERSONNEL                          )
DEPARTMENT, STATE OF ALABAMA                               )
DEPARTMENT OF AGRICULTURE and                              )
INDUSTRY, its Former Commissioner                          )
A.W. TODD, and Commissioner JACK THOMPSON,                 )
                                                           )
    Defendants.                                        )

CECIL FAGG,                                    )
                                              )
    Plaintiff-Intervenor,             )
                                              )
                                              )
v.                                            )
                                              )
STATE OF ALABAMA, GOVERNOR FOB                )
JAMES, STATE OF ALABAMA PERSONNEL             )
DEPARTMENT, STATE OF ALABAMA                  )
DEPARTMENT OF INDUSTRIAL RELATIONS            )
and ALICE McKINNEY, Its Director,             )
                                              )
    Defendants.                       )


DARNELL F. OWENS,                             )
                                              )
    Plaintiff-Intervenor,             )
                                              )
                                              )
v.                                            )
                                              )
STATE OF ALABAMA, GOVERNOR FOB                )
JAMES, STATE OF ALABAMA PERSONNEL             )
DEPARTMENT, STATE OF ALABAMA                  )
DEPARTMENT OF HUMAN RESOURCES                 )
and TONY PETELOS, Its Director,               )
                                              )
    Defendants.                       )


## AMENDED COMPLAINT-IN-INTERVENTION

**I.**     **JURISDICTION:**

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201

and 2202, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1983. This is a suit authorized and instituted

pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended,

by the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. The jurisdiction of this

Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C.

§2000e et seq., 42 U.S.C. §§1981 and 1983, and the "Civil Rights Act of 1991" providing for

injunctive and other relief against race discrimination. The plaintiff-intervenors and the class they seeks to represent only seek equitable relief by this suit and do not seek damages under the Civil Rights Act of 1991 or 42 U.S.C. §§1981 or 1983.

2.      The Plaintiff-intervenors have fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e, et. seq., 42 U.S.C. §1981, and 42 U.S.C. §1983. Plaintiff-intervenors filed their charges of race discrimination with the EEOC within 180 days of the occurrence of the last discriminatory act and timely filed their race discrimination claims within 90 days of the receipt of their right-to-sue letters from the EEOC. In addition, they are relying on their own EEOC charge and those of the other plaintiffs and plaintiff-intervenors.

II.     **PARTIES:**

3.      Plaintiff-Intervenor, Carrie Warren, is an African-American citizen of the United States and a resident of the State of Alabama.

4.      Plaintiff-Intervenor, Lee M. Taylor, is an African-American citizen of the United States and a resident of the State of Alabama.

5.      Plaintiff-Intervenor, Sheila Russell, is an African-American citizen of the United States and a resident of the State of Alabama.

6.      Plaintiff-Intervenor, Robert Taylor, is an African-American citizen of the United States and a resident of the State of Alabama.

7.      Plaintiff-Intervenor, Lanetta Roberts, is an African-American citizen of the United States and a resident of the State of Alabama.

8.      Plaintiff-Intervenor, Velma Easterling, is an African American citizen of the United States and a resident of the State of Alabama.

9.    Plaintiff-Intervenor, Kitty Williams-Archie, is an African-American citizen of the United States and a resident of the State of Alabama.

10.    Plaintiff-Intervenor, Sylvia Adams, is an African-American citizen of the United States and a resident of the State of Alabama.

11.    Plaintiff-Intervenor, Franklin McMillion, is an African-American citizen of the United States and a resident of the State of Alabama.

12.    Plaintiff-Intervenor, Roy Hightower, is an African-American citizen of the United States and a resident of the State of Alabama.

13.    Plaintiff-Intervenor, Gail Howard, is an African-American citizen of the United States and a resident of the State of Alabama.

14.    Plaintiff-Intervenor, Charles Wilson, is an African-American citizen of the United States and a resident of the State of Alabama.

15.    Plaintiff-Intervenor, Wilson Morgan, is an African-American citizen of the United States and a resident of the State of Alabama.

16.    Plaintiff-Intervenor, Laura Johnson-Price, is an African-American citizen of the United States and a resident of the State of Alabama.

17.    Plaintiff-Intervenor, Diane Green, is an African-American citizen of the United States and a resident of the State of Alabama.

18.    Plaintiff-Intervenor, Dorothy Carson, is an African-American citizen of the United States and a resident of the State of Alabama.

19.    Plaintiff-Intervenor, Charles Chinakwe, is an African-American citizen of the United States and a resident of the State of Alabama.

20.    Plaintiff-Intervenor, Cecil Fagg, is an African-American citizen of the United States and a resident of the State of Alabama.

21.    Plaintiff-Intervenor, Darnell F. Owens, is an African-American citizen of the United States and a resident of the State of Alabama.

22.    The plaintiff-intervenors bring this action on their own behalf and on behalf of all other African-American persons similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class which the plaintiff-intervenors seek to represent is composed of African-American persons who are employed, have been employed, or who may in the future be employed by the defendants. There are common questions of law and fact affecting the rights of the members of the class who are, and continue to be limited, classified and discriminated against in ways which deprive or tend to deprive them of equal terms, conditions, or privileges of employment. These persons are so numerous that joinder of all members is impractical. A common relief is sought. The interests of said class are adequately represented by the plaintiff-intervenors. Defendants have acted or refused to act on grounds generally applicable to the class.

23.    Defendant, State of Alabama, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

24.    Defendant, State of Alabama Personnel Department, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

25.    Defendant, Fob James, as the Governor of the State Alabama, is named in his official capacity and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983.

26.    Defendant, Department of Public Health and its Director in his/her official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

27.    Defendant, Department of Mental Health and Mental Retardation, and its Commissioner Virginia Rogers, in her official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

28.    Defendant, Department of Public Service Commission and its President, Jim Sullivan, in his official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

29.    Defendant, Department of Alabama Crime Victims & Compensation Commission and its Executive Director, Anita Drummond, in her official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the

"Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991,"

and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

30.    Defendant, Department of Finance and its Director, Phillip W. Williams, in his

official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under

Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C.

§ 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant

employs at least fifteen (15) persons.

31.    Defendant, Department of Revenue Director, Commissioner H. Gene Monroe, in his

official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under

Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C.

§ 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant

employs at least fifteen (15) persons.

32.    Defendant, Department of Corrections and its Commissioner Joe S. Hopper, in his

official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under

Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C.

§ 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant

employs at least fifteen (15) persons.

33.    Defendant, Department of Forensic Science and its Director, Carlos Rabren, in his

official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under

Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C.

§ 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant

employs at least fifteen (15) persons.

34.     Defendant, Department of Human Resources and its Commissioner, Tony Petelos, in his official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

35.     Defendant, Department of Agriculture and Industries and its former Commissioner, A.W. Todd and its Commissioner Jack Thompson, in their official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

36.     Defendant, Department of Industrial Relations and its Director, ALICE McKINNEY, in her official capacity as its agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

**III.  CAUSES OF ACTION:**

37.     The plaintiff-intervenors and the class they seek to represent re-allege and incorporates by reference paragraphs 1-36 above with the same force and effect as if fully set out in specific detail hereinbelow.

38.     The defendants have discriminated against the plaintiff-intervenors and the class they seek to represent on the basis of race in hiring, rehiring, evaluations, compensation, transfers, job duty assignments, recruitment, screening, selection procedures, denial of promotions, discipline, demotions, layoffs, rollbacks, sick leave, subjective decision-making practices, and other terms and

conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenors and the plaintiff class.

39.    The plaintiff-intervenors and the class they seek to represent are seeking to redress the wrongs alleged herein and this suit for equitable relief, including back-pay, injunctive relief and a declaratory judgment are their only means of securing adequate relief.  The plaintiff-intervenors and the class they seek to represent are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

**Carrie Warren**

40.    The defendants have discriminated against the plaintiff-intervenor, Carrie Warren, and the class she seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

41.    Plaintiff-Intervenor, Carrie G. Warren, has been employed by the defendants, the State of Alabama and its agency, Alabama Department of Public Health, from  January 1989 to the present.  From August 1990 to the present, Ms. Warren has held the position of Public Health Environmentalist II. Since 1990, Ms. Warren has continuously sought promotions to the positions of Public Health Environmentalist III and Public Health Senior Environmentalist.  Ms. Warren has applied for these positions and, after being deemed qualified, was placed on the register for each position but has not been promoted.  Carrie Warren and the class she seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discrimination.

12

The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. In addition, Warren and other class members have been prevented from attaining experience and training.

42.    Since 1990, Warren has been discriminated against in regards to job assignments, training, and experience, and other terms, conditions, and privileges. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

**Lee M. Taylor**

43.    The defendants have discriminated against the plaintiff-intervenor, Lee Taylor, and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

44.    Plaintiff-Intervenor, Lee M. Taylor, was employed by the defendants, the State of Alabama and its agency, Alabama Department of Public Health, from August 1973 to September 1, 1998. From 1989 to 1998, Mr. Taylor held the position of Public Health Environmentalist III. Since January 1989, Mr. Taylor has continuously sought promotions to the positions of Public Health Environmentalist IV and Public Health Environmental Supervisor. Mr. Taylor has applied for these positions and, after being deemed qualified, was placed on the register for each position. Lee Taylor and the class he seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications

and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. In addition, Mr. Taylor and other class members have been prevented from attaining experience and training.

45.    Since 1989, Mr. Taylor has been discriminated against in regards to job assignments, training, and experience, and other terms, conditions, and privileges of employment. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

**Shelia Russell**

46.    The Defendants have discriminated against the Plaintiff-Intervenor, Shelia Russell, and the class she seeks to represent on the basis of race in compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, service ratings, discipline, training and experience, subjective decision-making practices and other terms and conditions of employment which have resulted in disparate impact and treatment of the Plaintiff-Intervenor and the Plaintiff class.

47.    The Plaintiff-Intervenor, Shelia Russell, has been employed by the Defendants, the State of Alabama and its agency, Department of Mental Health, from June, 1980 to the present. From June, 1992, to the present, Ms. Russell has held the position of Clerk Typist II. Since October, 1984, Ms. Russell has continuously sought promotions, including, but not limited to, the positions of Administrative Support Assistant II, Clerk Typist III (Classification #10133), Clerk Typist IV (Classification #10134). Ms. Russell has applied for these positions and, after being deemed qualified, was placed on the register for each position but has not been promoted. Shelia Russell and the class she seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the register for these and

14

other jobs because of the defendants' discriminatory practices. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. In addition, Russell and other class members have been prevented from obtaining experience and training.

48. Since 1984, Russell has been discriminated against in regards to job assignments, training, and experience, and other terms, conditions, and privileges of employment. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

**Robert Taylor**

49. The Defendants have discriminated against the Plaintiff-Intervenor, Robert Taylor, and the class he seeks to represent on the basis of race in compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, service ratings, discipline, training and experience, subjective decision-making practices and other terms and conditions of employment which have resulted in disparate impact and treatment of the Plaintiff-Intervenor and the Plaintiff class.

50. The Plaintiff-Intervenor, Robert Taylor, has been employed by the Defendants, the State of Alabama and its agency, Alabama Public Service Commission, from 1984 to the present. From March 1986 to the present, Mr. Taylor has held the position of Public Utility Analyst II. Since 1987, Mr. Taylor has continuously sought promotions to the position of Utility Rate Supervisor (Classification #11254). Mr. Taylor has applied for this position and, after being deemed qualified, was placed on the Merit register for the position but has not been promoted. He remained on the register until it was canceled in 1995. The position remains unfilled. Mr. Taylor and the class he seeks to represent has been prevented from applying for these and other jobs because of closed

15

application periods and has been prevented from being placed on the register for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. In addition, Taylor and other class members have been prevented from obtaining experience and training.

51.    Since 1987, Taylor has been discriminated against in regards to job assignments, training, and experience, and other terms, conditions, and privileges of employment. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

**Laneeta Roberts**

52.    The Defendants have discriminated against the Plaintiff-Intervenor, Laneeta Roberts, and the class she seeks to represent on the basis of race in compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, service ratings, discipline, training and experience, subjective decision-making practices and other terms and conditions of employment which have resulted in disparate impact and treatment of the Plaintiff-Intervenor and the Plaintiff class.

53.    The Plaintiff-Intervenor, Laneeta Roberts, has been employed by the Defendants, the State of Alabama and its agency, Alabama Public Service Commission, from 1981 to the present. From 1985 to the present, Ms. Roberts has held the position of Public Utility Analyst II. Since 1987, Ms. Roberts has continuously sought promotions to the position of Utility Rate Supervisor (Classification #11254). Ms. Roberts has applied for this position and, after being deemed qualified, was placed on the register for the position but was not promoted. Ms. Roberts and the class she seeks to represent has been prevented from applying for these and other jobs because of closed

application periods and has been prevented from being placed on the register for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. In addition, Roberts and other class members have been prevented from obtaining experience and training.

54.    Since 1987, Roberts has been discriminated against in regards to job assignments, training, and experience, and other terms, conditions, and privileges of employment. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

**Velma Easterling**

55.    The defendants have discriminated against plaintiff-intervenor, Velma Easterling, and the class she seeks to represent on the basis of race in denial of promotions, subjective decision-making practices, discriminatory performance appraisals, unlawful retaliation and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff-class.

56.    Plaintiff-intervenor Easterling has been employed by the defendants, the State of Alabama, and its agency, State of Alabama Crime Victims Compensation Commission, from on or about April 24, 1990, to the present. From April, 1990, until on or about April 3, 1995, Easterling held the position of Clerical Worker. Since about April, 1995, Easterling has held the position Crime Victim Compensation Specialist. From approximately late 1993 (or the first part of 1994) until April, 1995, Easterling continuously sought promotion to Crime Victim Compensation Specialist. Easterling applied for this position and, after being deemed qualified, was placed on the register. Velma Easterling and the class she seeks to represent has been prevented from applying for these

17

and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs.

57.   On or about June 14, 1994, Easterling filed a Charge of Discrimination with the Equal Employment Opportunity Commission, based (inter alia) upon race discrimination in promotions. After the respondent, State of Alabama Crime Victims Compensation Commission, received notice of the Charge of Discrimination, the supervisory employees of the Commission, including the Executive Director Anita Drummond and others, discriminated and retaliated against Easterling by continuing to deny her promotion to Crime Victim Compensation Specialist and by lowering Easterling's scores on her performance appraisal without any bona fide reason related to her performance.

58.   For the period of time from approximately late 1993 until about April, 1995, Easterling has been discriminated against in regards to promotion, subjective decision-making practices, discriminatory performance appraisals, unlawful retaliation and other terms and conditions of employment.

**Kitty Williams-Archie**

59.   The defendants have discriminated and retaliated against the plaintiff-intervenor, Kitty Williams-Archie, and the class she seeks to represent on the basis of race in hiring, compensation, job duty, appointment, assignments, selection procedures, denial of promotions, discipline, training and experience, evaluations, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

60.    Plaintiff-Intervenor, Kitty Archie, was first employed by the defendant, the State of Alabama with its agency the State of Alabama Transportation Department in June of 1983. Plaintiff-Intervenor was appointed as a Clerk Stenographer I with the defendant State of Alabama Department of Revenue in August of 1985. Ms. Archie was appointed as a Clerk Stenographer II with the Department of Revenue in July of 1988 and has held that classification up to the present. Ms. Archie has continuously sought promotions, including, but not limited to, to the classifications of Clerk Stenographer III, Clerk Stenographer IV, Clerk Typist III, Clerk Typist IV, Administrative Support Assistant II and Administrative Support Assistant III. However, Archie has not been promoted. Archie has applied for all of these classifications and, after being deemed qualified, was placed on the register for Clerk Stenographer III, Clerk Typist IV, Administrative Support Assistant II, and Administrative Support Assistant III. Archie is and has been qualified for all of these classifications. Archie and the class she seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendant. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. At times, Archie and other class members have been prevented from applying for these and other jobs because of closed application periods. In addition, Archie and other class members have been prevented from attaining training and experience.

61.    Since 1985, Archie has also been discriminated and retaliated against in regards to job assignments, training and experience, evaluations, compensation and other terms, conditions and privileges of employments. Such discriminatory and retaliatory denial of job assignments, advancement opportunities, training and experience, and lower evaluations has resulted in lower

scores and rankings on applications for promotions or outright rejection of applications for promotion.

**Sylvia Adams**

62.     The defendants have discriminated against the plaintiff-intervenor, Sylvia Adams, and the class she seeks to represent on the basis of race in hiring, promotion, job assignments, compensation, transfers, recruitment, reductions-in-force, recalls, reclassifications, discipline, discharge, appointments, the entire selection system, decisions, training, evaluations and other terms, conditions, and privileges of employment, which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class. In addition, the plaintiff-intervenor and the class she seeks to represent has been discriminated against by being subjected to a racially hostile work environment.

63.     Plaintiff-Intervenor, Sylvia Adams, was first employed by the defendant, the State of Alabama and its agency, State of Alabama Department of Finance from July of 1993 to the present. Ms. Adams was hired as a Security Systems Operator in July of 1993 and has held that classification up to the present. Ms. Adams has continuously sought promotions, including, but not limited to, the classifications of Departmental Operations Specialist, Computer Operator II, Personnel Assistant I, and Security Systems Administrator. Adams is and has been qualified for all of these positions; however, Adams has not been promoted. Adams and the class she seeks to present has been prevented from applying for these an other jobs because of closed application periods and has been prevented from being placed on the register for these and other jobs because of the discriminatory qualifications imposed. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. In addition, Adams and other class members have been prevented from attaining training and experience.

20

64.    Since 1993, Adams has also been discriminated against in regards to job assignments, training and experience, evaluations, compensation and other terms, conditions and privileges of employments. Such discriminatory denial of job assignments, advancement opportunities, training and experience, and lower evaluations has resulted in lower scores on applications for promotions and outright rejection of applications for promotion.

**Franklin McMillion**

65.    The defendants have discriminated against the plaintiff-intervenor, Franklin S. McMillion, and the class he seeks to represent on the basis of race in hiring, promotion, compensation, job assignments, selection decisions, discipline, training, transfers, discharge, appointments, evaluations, service ratings, and other terms, conditions and privileges of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

66.    Plaintiff-intervenor, Franklin S. McMillion, has been employed by the defendants, The State of Alabama and its agencies, State of Alabama Department of Mental Health and State of Alabama Department of Revenue, from July 8, 1981 to the present. On September 5, 1985, Mr. McMillion transferred from the Department of Mental Health to the Department of Revenue as a Revenue Examiner I. In September, 1989, Mr. McMillion has promoted to Revenue Examiner II. Mr. McMillion sought and was denied a promotion to Revenue Examiner III two times, while white employees with less seniority and less/equal qualifications were promoted to Revenue Examiner III ahead of Mr. McMillion. After filing several internal complaints and an EEOC charge, Mr. McMillion was promoted to a Revenue Examiner III in April, 1996. Prior to filing his internal complaints and EEOC charge, Mr. McMillion had exemplary evaluations. After he complained about not being promoted, his evaluation scores decreased. His supervisor told him that by

21

complaining about his evaluation, he was being antagonistic towards the chain of command. McMillion has been unable to make application for a Manager I positions because the register is closed. Since 1996, Mr. McMillion has continuously tried to volunteer for various in-house positions, such as Tax Payer Assistance, The Computer User Group, and Tax Abatement. McMillion has volunteered for these positions and even though he was the only one to volunteer from his district, was not selected. White employees were given collateral assignments to enhance their promotional opportunities. Such opportunities were denied Mr. McMillion. McMillion verbally requested to be considered for the Certified Manager's Training Program and was initially told by his immediate supervisor, Morris Reeves, that he was not qualified. Only after writing a letter requesting to be considered and pointing out that in the past a Revenue Examiner I had been allowed to take the course, was he allowed to attend the training. Mr. McMillion and the class he seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. In addition, McMillion and other class members have been prevented from attaining experience and training.

67.    Since 1981, McMillion has also been discriminated against in regards to promotions, compensations, training, and other terms and conditions of employment. Such discriminatory denial of promotions, compensations, training results in lower scores and rankings on the applications for promotions.

**Roy Hightower**

68.    The defendants have discriminated against plaintiff-intervenor, Roy Hightower, and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decisions-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

69.    Plaintiff-Intervenor, Royzell Hightower, a black male, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Corrections from February of 1974 to the present. In 1987, Hightower was promoted to the position of Institutional Coordinator. As Institutional Coordinator, Hightower performed his duties in a satisfactory manner. Hightower remained the Institutional Coordinator until March of 1995 at which time he was demoted to the position of Acting Warden. Hightower was forced to work out of his classification in violation of State Personnel Board Rules and Regulations. Upon being demoted, Hightower was given an assignment which required him to travel more than 100 miles away from his home and family. Similarly situated white males were given more favorable assignments and more responsibility than Hightower, despite the fact that Hightower was better qualified. Since Hightower's demotion, other white employees were allowed to work in higher status positions for which Hightower was better qualified. Hightower has continuously sought promotions, such as the Institutional Coordinator, the Associate Commissioner, and the Regional Coordinator positions. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. Hightower and the class he seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from

being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. In addition, Hightower and other class members have been prevented from attaining experience and training. Hightower was not provided the same responsibilities and/or resources and personnel as similarly situated white employees.

70.    Hightower has also been discriminated against in regards to job assignments, training, and experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

**Gail Howard**

71.    The defendants have discriminated against plaintiff-intervenor, Gail Howard, and the class she seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

72.    Plaintiff-Intervenor, Gail Howard, has been employed by the defendants, the State of Alabama and its agency, Alabama Department of Forensic Science, from January 1, 1987 to the present. Ms. Howard was initially hired as a Forensic Pathology Technician I. Ms. Howard currently holds the position of Forensic Pathology Technician II. Ms. Howard has been on a continuous register since approximately 1989; however, she has not been selected for any positions. Ms. Howard and the class she seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The

24

qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs. Ms. Howard has also been required to perform work/job duties of two persons without any higher pay/compensation. Ms. Howard is not allowed to attend training that white co-workers receive. Ms. Howard has also received unfair and discriminatory reprimands in retaliation of her voicing her complaints about the defendants' discriminatory policies and procedures.

73.    Since 1987, Howard has been discriminated against in regards to job assignments, training, and experience, and other terms, conditions, and privileges. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

**Charles Wilson**

74.    The defendants have discriminated against plaintiff-intervenor, Charles Wilson, and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

75.    Plaintiff-Intervenor, Charles Wilson, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Human Resources, since November of 1973. Mr. Wilson has worked in the Adult Services Department as a Social Worker I for the last 18 years. Mr. Wilson was promoted to Social Worker II but was subsequently demoted to Social Worker I. During Mr. Wilson's employment, he has continuously sought promotions into the Social Worker II position.    Mr. Wilson and the class he seeks to represent has been prevented from

25

applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs. Since Mr. Wilson's demotion from Social Worker II to Social Worker I, he has continued to do the same work that he was responsible for as a Social Worker II with no increase in pay.

76.  During the course of Mr. Wilson's employment, he has also been discriminated against in regards to job assignments, training, experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

**Wilson Morgan**

77.  The defendants have discriminated against plaintiff-intervenor, Wilson Morgan, and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

78.  Plaintiff-Intervenor, Wilson Morgan, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Human Resources, from May 1982 to the present. Mr. Morgan is currently working in the position of Service Supervisor II. Since receiving his Master's degree in 1981, Mr. Morgan has continuously sought promotions to supervisory positions within Tuscaloosa DHR including but not limited to Supervisor of Family options and Program Supervisor (FCS). Mr. Morgan possessed the qualifications and experience

required by the State Personnel Department and the State agencies for these positions; however Morgan and other class members have been prevented from attaining experience and training. Mr. Morgan and the class he seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs.

79.    During the course of Mr. Morgan's employment, he has also been discriminated against in regards to job assignments, training, experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

**Laura Johnson-Price**

80.    The defendants have discriminated against plaintiff-intervenor, Laura Johnson-Price, and the class she seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

81.    Plaintiff-Intervenor, Laura Johnson-Price, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Human Resources, for approximately twenty (20) years. Johnson-Price is currently working in a supervisory position housing and Personnel. In December of 1995 Ms. Johnson-Price requested an internal EEO office investigation into her allegations of discriminatory treatment by her supervisor, Erin Snowden.

82.    In January 1995, Johnson-Price was appointed to the position of Calhoun County DHR Assistant Director. When the Assistant Director position became available Ms. Snowden made obvious that she did not want Johnson-Smith to have the position. Since Johnson-Price's appointment to the assistant director's position, she has been subjected to continued harassment and discriminatory treatment by Ms. Snowden, including but not limited to excessive scrutiny of performance, derogatory comments about Johnson-Price in front of her subordinates, co-workers, and other associates, failure to include Johnson-Price in management meetings regarding the areas that she supervised, failure to make the same opportunities for advancement and training available to Johnson-Price that were available to others and failure to adequately and truthfully complete evaluation of her work performance.

83.    In August of 1996, Johnson-Price interviewed for Calhoun County Director's Position. Johnson-Price has been on the register for County Director since 1988. During the time in which she was interviewed, Johnson-Price received a document that was circulated throughout the office which labeled her as a conspirator against Ms. Snowden. Many of the questions that Johnson-Price was asked in her interview appeared to have stemmed from this document. In September of 1996 Tony Black was appointed director of Calhoun County DHR. Johnson-Price possessed all of the qualifications and experience required by the State Personnel Department and the State agencies for Director position; however she and other class members have been prevented from attaining experience and training necessary to advance with the State of Alabama Department of Human Resources.   Ms. Johnson-Price and the class she seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices

28

of the defendants. The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs.

84.   In October 1996 the EEO office issued a letter to determination which was supportive of Johnson-Price's allegations. However in January of 1997 Mr. Black removed Johnson-Price as Supervisor of Programs at the direction of Melissa Truitt, board chairperson. Black was told by the board that Johnson-Price was not to supervise programs or act as director in his absence. Black also stated that he had no problems with Johnson-price's work, but he had to remove her or a vote would be taken to have him fired. Immediately effective from that point, Johnson-Price was over Housing and Personnel and had no supervisory staff.

85.   During the course of Ms. Johnson-Price's employment, she has also been discriminated against in regards to job assignments, training, experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

### Diane Green

86.   The defendants have discriminated against plaintiff-intervenor, Diane Green, and the class she seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

87.   Plaintiff-Intervenor, Diane Green, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Human Resources, for approximately twenty (20) years. Ms. Green is currently working in the position of Social Worker II. Ms. Green

has been on several promotional registers including, but, not limited to, Welfare Supervisor I and Welfare Supervisor II. Green has not been selected for either of those positions. She has never certified out for these positions and she was not allowed to interview for any of the six (6) known supervisory vacancies within her DHR office. Other white employees who were interviewed and selected for supervisory positions did not score as high as Green on the register. Ms. Green possessed all of qualifications and experience required by the State Personnel Department and the State agencies for these positions; however Green and other class members have been prevented from attaining experience and training. Ms. Green and the class she seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs.

88.    During the course of Ms. Green's employment, she has also been discriminated against in regards to job assignments, training, experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

**Dorothy Carson**

89.    The defendants have discriminated against plaintiff-intervenor, Dorothy Carson, and the class she seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

90.    Plaintiff-Intervenor, Dorothy Carson, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Human Resources, from 1977 to the present. Ms. Carson is currently working in the position of Service Supervisor II. Since 1977 Ms. Carson has continuously sought promotions to supervisory positions within Tuscaloosa DHR and has been deemed qualified and placed on the County Director's register for the last ten (10) years. Ms. Carson did not receive a supervisory position until after her EEOC Charge of Discrimination was filed. Ms. Carson received her Master's degree in May of 1983, however other white supervisors with less experience and education were promoted. In 1993 Ms. Carson Applied for Supervisory positions in the Family options and Family and children's services departments; however these position were awarded to white employees whose selection for the positions was rumored prior to the start of the interviews. Ms. Carson and the class she seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs. Ms. Carson possessed all of qualifications and experience required by the State Personnel Department and the State agencies for these positions; however Carson and other class members have been prevented from attaining experience and training.

91.    During the course of Ms. Carson's employment, she has also been discriminated against in regards to job assignments, training, experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

**Charles Chinakwe**

92.    The defendants have discriminated against plaintiff-intervenor, Charles Chinakwe, and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

93.    Plaintiff-Intervenor, Charles Chinakwe, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Agricultre and Industries, from 1989 to the present. Mr. Chinakwe is currently working in the position of Chemist I. Since 1989, Mr. Chinakwe has continuously sought promotions to supervisory positions and higher Chemist position within the Department of Agriculture and Industries and has been deemed qualified and placed on the register.   To date, the position of Chemist II remains opened.  Mr. Chinakwe and the class he seeks to represent has been prevented from applying for these and other jobs because of closed application periods and has been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants.  The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs. Mr. Chinakwe possessed all of qualifications and experience required by the State Personnel Department and the State agencies for these positions; however Chinakwe and other class members have been prevented from attaining experience and training.

94.    During the course of Mr. Chinakwe's employment, he has also been discriminated against in regards to job assignments, training,  experience, and other terms, conditions and

32

privileges. Such discriminatory denial of job assignments, training and experience results in lower

scores and rankings on applications for promotions.

### Cecil Fagg

95.    The defendants have discriminated against plaintiff-intervenor, Cecil Fagg, and the

class he seeks to represent on the basis of race in compensation, job duty, assignments, recruitment,

selection procedures, denial of promotions, service ratings, discipline, training and experience,

subjective decision-making practices, and other terms and conditions of employment which have

resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

96.    Plaintiff-Intervenor, Cecil Fagg, has been employed by the defendants, the State of

Alabama and its agency, State of Alabama Department of Industrial Relations, from October 8,

1988, to the present. Prior to being employed in the Department of Industrial Relations, Mr. Fagg

had been employed in the Department of Finance. Since 1989, Mr. Fagg has continuously sought

promotions to the positions of Supply Officer and General Services Supervisor. Mr. Fagg has

applied for the positions and, after being deemed qualified, was placed on the register for each

position. In 1990, Mr. Fagg was ranked number eight on the promotional register and number one

hundred seventy-five on the competitive register for the Supply Officer position. In February, 1991,

Mr. Fagg was ranked number fourteen on the promotional register and number eighty-eight on the

open competitive register for General Services Supervisor. On July 8, 1995, Mr. Fagg was appointed

to the position of Department Procurement Officer I. However, Mr. Fagg was never awarded the

position of General Services Supervisor.   In 1997, Mr. Fagg was informed that the registers for

General Services Supervisor were abolished. Mr. Fagg was informed that he scored in Band 6 for

the open competitive register in 1997. Mr. Fagg and the class he seeks to represent have been

prevented from applying for these and other jobs because of closed application periods and have

been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs. In addition, Mr. Fagg and other class members have been prevented from obtaining experience and training.

97.    Since 1988, Mr. Fagg has been discriminated against in regards to job assignments, promotions, training and experience, and other terms, conditions and privileges of employment. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

**Darnell F. Owens**

98.    The defendants have discriminated against plaintiff-intervenor, Darnell F. Owens, and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervener and the plaintiff class.

99.    Plaintiff-Intervenor Darnell F. Owens has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Human Resources, Mobile County Department of Human Resources, as a Financial Support Social Worker I/II in the Child Support Division since May, 1993. Mr. Owens received his Masters Degree in Counseling in August, 1998. On or before February 17, 1999, he was certified by the State Personnel Department for the Service Social Worker I/II register. However, even though he was fully qualified, he was not chosen for the Service Social Worker I/II position by the Mobile County Department of Human Resources, where

34

he interviewed on March 31, 1999, and was told that he was not selected for the promotion because others had more social service experience.

100.    During Mr. Owens' employment, he has continuously sought promotions into the Social Worker I/II position.    However, others with less experience and education have been promoted over him. Mr. Owens and the class he seeks to represent have been prevented from applying for these and other jobs because of closed application periods and have been prevented from being placed on the registers for these and other jobs because of the discriminatory practices of the defendants. The qualifications and experience required by State Personnel Department and the State agencies are not necessary for these and other jobs.

101.    During the course of Mr. Owens' employment, he has also been discriminated against in regards to job assignments, training, experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training and experience results in lower scores and rankings on applications for promotions.

## IV.    PRAYER FOR RELIEF:

WHEREFORE, the plaintiff-intervenors and the class they seeks to represent respectfully pray that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff-intervenors and the plaintiff class as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. §§ 1981 and 1983.

35

2.     Grant the plaintiff-intervenors and the plaintiff class a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

3.     Enter an Order requiring the defendants to make the plaintiff-intervenors and the plaintiff class whole by awarding them the position(s) they would have occupied in the absence of race discrimination, back-pay (plus interest), declaratory and injunctive relief, lost seniority, lost benefits and lost pension benefits.

4.     Grant the plaintiff-intervenors and the plaintiff class such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

_____

Rocco Calamusa, Jr.
James Mendelsohn
Joseph H. Calvin III
Byron R. Perkins
Gregory O. Wiggins
Alan H. Garber
Russell W. Adams
Scott A. Gilliland
Kimberly C. Page
Richard J. Ebbinghouse

Counsel for the Named Plaintiffs,
Plaintiff-Intervenors, and Putative Class

36

OF COUNSEL:

GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, AL  35203
(205) 328-0640

**Defendants' Addresses**

Department of Public Health
P. O. Box 304230
Montgomery, Alabama 36130-4230

Department of Mental Health and Mental Retardation
Commissioner Virginia Rogers
100 North Union Street
P. O. Box 301410
Montgomery, Alabama 36130-1410

Department of Public Service Commission
President Jim Sullivan
P. O. Box 304230
Montgomery, Alabama 36130-4230

Department of Alabama Crime Victims & Compensation Commission
Executive Director Anita Drummond
P. O. Box 1548
Montgomery, Alabama 36102-1548

Department of Revenue Director
Commissioner H. Gene Monroe and George E. Mingledorff, III, Assistant Commission
4112 Gordon Persons Office Building
50 North Ripley Street
Montgomery, Alabama 36132

Department of Corrections
Commissioner Joe S. Hopper
P. O. Box 301501
Montgomery, Alabama 36130

Department of Forensic Science
Director Carlos Rabren
P.O. Box 3510
Auburn, Alabama 36831-3510

Department of Human Resources
Commissioner Tony Petelos
50 North Ripley Street
Montgomery, Alabama 36130-4000

Department of Agriculture and Industries
A.W. Todd and Jack Thompson, Former Commissioner and Commissioner
1445 Federal Drive
P. O. Box 3336
Montgomery, Alabama 36109-0336

Department of Industrial Relations and
Alice McKinney, its Director
Room 204
649 Monroe Street
Montgomery, Alabama 36131