IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FRANKLIN MCMILLION** ) | |
| ) | |
|     **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO.** |
| ) | **2:07-CV563-MHT** |
| **STATE OF ALABAMA, et al.** ) | |
| ) | |
|     **Defendants.** ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendants move this Court for an Order dismissing the Plaintiff's complaint for failure to state a claim, or alternatively requiring the Plaintiff to provide a more definite statement.

### PROCEDURAL BACKGROUND AND PLAINTIFF'S COMPLAINT

On November 23, 1998 Plaintiff Sylvia Adams, along with fifteen other individuals, including Plaintiff Franklin McMillion, filed a Motion to Intervene in the case of *Crum et al., v. State of Alabama, et al.,* CV 94-T-356-N (Doc. No. 345 in the *Crum* case). The intervention request was granted on May 18, 2007 and this case was subsequently converted into a separate lawsuit. (Doc. No. 792 of the *Crum* case). McMillion filed an Amended Complaint in Intervention on October 1, 1999, which has been docketed as his Complaint in the case at bar. (See doc. 3 at ¶ 65-67.)

Plaintiffs bring suit under Title VII and 42 U.S.C. §§ 1981 and 1983 relying solely on the following general allegations:

1. "Defendants discriminated against the plaintiff-intervenor, Franklin S. McMillion, and the class he seeks to represent on the basis of race in hiring, promotion, compensation, job assignments, selection decisions, discipline, training, transfers, discharge, appointments, evaluations, service ratings, and other terms, conditions and privileges of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class." (Compl. ¶ 65)

2. Plaintiff alleges he has sought promotions, including, but not limited to, Revenue Examiner II, Revenue Examiner III, and Manager I. McMillion admits that he was promoted to Revenue Examiner III before filing his Amended Complaint. McMillion complains of closed application periods and also alleges that he has been prevented from attaining experience and training. Finally, McMillion alleges that unspecified "qualifications and experience" requirements are not necessary for certain unspecified jobs. (Compl. ¶ 66)

3. Finally, Plaintiff McMillion generally alleges discrimination in regards to "promotions, compensations [sic], training, and other terms and conditions of employment." McMillion alleges that these unspecified and allegedly discriminatory denials have resulted in lower scores and rankings on the applications for promotions. (Compl. ¶ 67)

These laundry lists of allegations are made without any facts to support the broad, vague and legally conclusory claims.[1] On its face, Plaintiff's complaint does not meet the requirements under *Bell Atlantic Corp. v Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) of stating a claim for which relief can be granted and therefore is due to be dismissed. Alternatively, the court should require the Plaintiff to make a more definite statement as the

---

[1] To the extent that Plaintiff makes any specific factual allegations, the facts as alleged do not even suggest, much less give rise to an inference of, unlawful discrimination.

allegations are so vague and ambiguous that the Defendants cannot reasonably be required to frame a proper responsive pleading.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff's Complaint Fails to State a Claim Against the Defendants

Until the recent Supreme Court decision in *Bell Atlantic Corp. v Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), this Court was bound by the rule set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Finding that this formulation has "earned its retirement," the Court in *Twombly* held that a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible," *Id.* at 1974.

In this complaint, not only are no factual grounds alleged which would "raise a right to relief above the speculative level," but the Plaintiff does not even deign to provide the Defendants or this Court with a recitation of the

3

elements of a cause of action. Apparently, that task is left to the Defendants and the Court to decipher. When these events allegedly occurred remains a mystery; no defendant is identified for any particular allegation; no facts are submitted to support any claim; no allegation of intent to discriminate is made; decision makers who are alleged to have acted with discriminatory intent are not identified; nor is there an allegation that a person outside the protected class received the promotion sought by the Plaintiff. In short, this is nothing more than a shotgun complaint which cannot withstand a Motion to Dismiss and this Complaint is due to be dismissed. *See also Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.")

## B. Alternatively, the Plaintiff Should be Required to Provide a More Definite Statement

Assuming, arguendo, that the Court does not dismiss this Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants request that this Court enter an Order requiring the Plaintiff to provide a more definite statement as to the claims against the Defendants. Rule 12(e) of the Fed. R. Civ. P. provides that a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a proper responsive pleading." The Complaint in this case is so vague that it is impossible to respond to it in any meaningful manner.

Because "shotgun pleadings," as in this case, present an unfair burden on the Court and Defendants, the Plaintiff should be required to provide a more definite statement. As recognized by the Eleventh Circuit:

> Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint is not expected to frame a responsive pleading. Rather the defendant is expected to move the court, pursuant to Rule 12(e) to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with shotgun pleading out of the way, the trial judge will be relieved of the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses. Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Anderson v. Dist. Bd. of Trustees of Central Florida Community College*, 77 F.3d 362, 366-67 (11th Cir. 1996) (footnotes and citations omitted)

The Eleventh Circuit Court of Appeals has repeatedly emphasized the judicial, administrative, and societal costs imposed by broad and vague complaints. *See, e.g., Chapman v. Al Transport* 229 F.3d 1012, 1027 (11th Cir. 2000) (describing shotgun pleading as a "serious" and "ubiquitous problem," the "evils" of which require a district court to exercise a "firm hand" in dismissing non-meritorious claims). *Byrne v. Nezhat*, 261 F.3d 1075, 1128-134 (11th Cir 2001) (holding that, if a defendant does not move for a more definite statement, the trial court "must intervene *sua sponte* and order a repleader"); *Sikes v.*

5

*Teleline, Inc.,* 281 F.3d 1350, 1355 n. 9 (11th Cir.2002) ("[P]laintiffs' complaint is yet another example of what we have often criticized as 'shotgun pleadings,' where each count 'incorporates' all of the preceding paragraphs and counts. We have harshly criticized such shotgun pleadings in the past, and we repeat our displeasure with this type of complaint now."); *Beckwith v. Bellsouth Telecomms., Inc.,* 146 Fed. Appx. 368, 373 (11th Cir. Aug. 22, 2005) (categorizing complaint as a "shotgun" pleading because "[o]nly a few of [plaintiff's] claims were specific as to any defendant, and the relevant facts were not segregated to each of their respective claims," making it "virtually impossible to ascertain which factual allegations correspond with each claim").

Plaintiff's Complaint does not even contain "counts," much less separate counts with specific facts outlining the claims. Even a creative reading of the general allegations set forth *supra* does not disclose any facts supporting Plaintiff's claim of racial discrimination. Instead, there are simply laundry lists of every conceivable job related activity: "hiring, promotion, job assignments, compensation, transfers, recruitment, reductions-in-force, recalls, reclassifications, discipline, discharge, appointments, the entire selection system, decisions, training, evaluations and other terms, conditions, and privileges of employment." (Compl. ¶ 57).

Plaintiff does not provide relevant information such as when a particular promotion was sought, much less the identity of which defendant is allegedly responsible for the denial of the promotion. Nor is there any identification of the racially discriminatory job assignments; how the Plaintiff's compensation is

6

discriminatory; nor what disciplinary action suffered by the Plaintiff is alleged to be discriminatory. Moreover, Plaintiff does not even distinguish the claims among the various Defendants, nor is there any indication as whether the allegations are in support of her Title VII, 42 U.S.C. § 1981 or § 1983 claim. In short, this is nothing more than a shotgun pleading with unsupported conclusions of law or mixed fact and law. Specifically, Defendants request that Plaintiff be required to set forth each legal claim in a separate count pursuant to Rule 10(b) of the Fed.R.Civ.P. and to identify which facts support each separate claim and against which defendants they are alleged.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Plaintiff's complaint against the Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants respectfully request that the Court require the Plaintiff to provide a more definite statement as to their alleged claims against the Defendants as provided for in Rule 12(e) of the Federal Rules of Civil Procedure.

Respectfully submitted this 29th day of August, 2007.

    s/ Aaron L. Dettling_____
    One of the Attorneys for Defendant,
    Alabama Department of Revenue

OF COUNSEL:
Aaron L. Dettling
Balch & Bingham LLP
1710 6th Avenue North
P. O. Box 306 (35201-0306)
Birmingham, Alabama  35203
(205)251-8100

                                     s/Alice Ann Byrne
                                     Attorney for Alabama State Department
                                     of Personnel

OF COUNSEL:
Alice Ann Byrne
State of Alabama, Personnel Department
300 Folsom Administrative Building
Montgomery, Alabama  36130

## **CERTIFICATE OF SERVICE**

        I hereby certify that on the 29th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

     Robert F. Childs, Esq.
     Wiggins, Childs, Quinn & Pantazis, LLC
     The Kress Building
     301 19th Street North
     Birmingham, Alabama  35203

                                       s/Aaron L. Dettling
                                       OF COUNSEL