IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |  | |
|---|---|---|---|
| FRANKLIN McMILLION, | ) | | |
| | ) | | |
|    Plaintiff, | ) | | |
| | ) | CIVIL ACTION NO. | |
| v. | ) | 2:07cv563-MHT | |
| | ) | | |
| ALABAMA DEPARTMENT OF | ) | | |
| REVENUE, et al., | ) | | |
| | ) | | |
|    Defendants. | ) | | |

ORDER

It is ORDERED that the motion to dismiss and alternative motion for more definite statement (Doc. No. 16) are set for submission, without oral argument, on November 1, 2007, with all briefs due by said date.

In the meantime, in order to pretermit the need to brief the issues raised by the motions and thereby perhaps make much better use of limited lawyer resources, the plaintiff is granted leave to file an amended complaint by said date (and the court, based upon its preliminary review of the pleadings, so encourages, for while the plaintiff may describe one or more challenged decisions, the complaint is quite non-specific otherwise)

that does the following, among other things, pursuant to the Federal Rules of Civil Procedure and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. ___, 127 S.Ct. 1955 (2007):

(1) Is a full, new complaint, pursuant to M.D. Ala. L.R. 15.1.

(2) Has numbered paragraphs.

(3) Lists and describes all parties.

(4) Lists and describes each and every adverse-employment decision that is challenged.

(5) Describes which and how each defendant is responsible for each challenged decision.

(6) States how each and every challenged adverse-employment decision is alleged to be discriminatory.

(7) States, for each and every challenged adverse-employment decision, whether the plaintiff is relying on Title VII, § 1981, and/or § 1983.

DONE, this the 30th day of August, 2007.

                               /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE